**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marco Siara Sanders, Appellant.

Appellate Case No. 2014-001201

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2016-UP-315
Submitted April 1, 2016 – Filed June 22, 2016

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

**PER CURIAM:** Marco Sanders appeals his convictions for murder, armed robbery, first-degree burglary, attempted murder, possession of a firearm during the commission of a violent crime, and conspiracy. Sanders argues the trial court erred by limiting his cross-examination of a Marion County Sheriff's Office employee regarding the basis for the employee's termination. Sanders asserts the testimony was proper because it would show the employee's bias against him. We affirm.[1]

We find Sanders's bias argument is unpreserved. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented, and with sufficient specificity to inform the [trial] court . . . of the point being urged by the objector." (citations omitted)). At trial, Sanders argued his cross-examination was proper because it challenged the employee's in-court identification and the employee's credibility. However, the record does not indicate Sanders ever argued to the trial court the cross-examination was proper to show bias against him. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve [the issue], but it must be clear that the argument has been presented on that ground."); *id.* ("A party may not argue one ground at trial and an alternate ground on appeal."). Accordingly, the decision of the trial court is

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.